IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JACQUELINE W. FERGUSON** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action Number: 1:15-CV-03717-WMN |
| | * |
| **INTERACTIVE HEALTH SOLUTIONS, INC.** | * |
| | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Jacqueline Ferguson (hereinafter, "Plaintiff") and Interactive Health Solutions, Inc. (hereinafter, "Defendant") respectfully request that this Honorable Court approve a settlement agreement that they have reached concerning Plaintiff's lawsuit under the Fair Labor Standards Act (hereinafter, "FLSA") 29 U.S.C. § 201, *et seq*.  The Parties seek this Court's approval of the agreement because claims under the FLSA, like those released by Plaintiff in the Settlement Agreement and General Release ("Agreement"), may not be waived or released without U.S. Department of Labor or Court approval. *See* 29 U.S.C. § 216 (c); *see also Taylor v. Progress Energy, Inc*., 415 F. 3d 364, 374 (4th Cir. 2005) vacated on other grounds 493 F. 3d 454 (4th Cir. 2007) ("Again, the Supreme court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D.Md.2010). The Parties further aver that:

1. On December 3, 2015, Plaintiff filed her Complaint seeking relief and recovery against Defendant for a purported violation of the overtime requirements of the FLSA. The basis of the Complaint was that during the relevant employment periods, Plaintiff did not receive overtime ("time-and-a-half") for all hours worked over forty (40) in a workweek. Plaintiff has alleged that she was misclassified as exempt from the overtime provisions of the FLSA.

2. From approximately May 1, 2007 until March 20, 2015, Plaintiff was employed with Defendant. Plaintiff was employed as a Human Resources Coordinator for the duration of her tenure with Defendant.

3. From approximately October 22, 2012 until December 6, 2013, Plaintiff received bi-monthly payments of two thousand two hundred and seventy dollars and ninety-one cents ($2,270.91), reflecting an annual salary of fifty-four thousand five hundred and one dollars and eighty-four cents ($54,501.84). Plaintiff's bi-monthly payments were consistent, regardless of the number of hours Plaintiff worked each week.

4. Plaintiff subsequently received a raise and from approximately December 6, 2013 until July 7, 2014, Plaintiff received bi-monthly payments of two thousand three hundred and thirty-nine dollars and four cents ($2,339.04), reflecting an annual salary of fifty-six thousand one hundred and thirty-six dollars and ninety-six cents ($56,136.96). Plaintiff's bi-monthly payments were consistent, regardless of the number of hours Plaintiff worked each week.

5. Following this, Plaintiff received another raise and from approximately July 7, 2014 until the time that her employment ended, Plaintiff received bi-monthly payments of two thousand four hundred and nine dollars and thirty-three cents ($2,409.33), reflecting an annual salary of fifty-seven thousand eight hundred and twenty-four dollars ($57,824.00). Plaintiff's bi-monthly payments were consistent, regardless of the number of hours she worked each week.

6. Plaintiff asserts that for the majority of her employment, she worked approximately fifty (50) to sixty (60) hours per week. Defendant disagreed, maintaining that the hours Plaintiff worked were far fewer from her recollections and allegations. A *bona fide* dispute existed, and exists, between Plaintiff and Defendant (collectively referred to as "the Parties") in regard to the quantity of hours that Plaintiff worked.

7. Defendant asserts that its pay practices were adopted in good faith and Defendant did not believe that they were inconsistent with the FLSA. However, Defendant did not want to incur the cost and expense of defending its actions.

8. On approximately February 11, 2016, settlement discussions ensued between Counsel for the Parties. The Parties exchanged correspondence regarding the nature and extent of Plaintiff's claims.

9. Following this, lengthy discussions took place regarding the positions of both Parties in reference to the method for calculating damages, in addition to the number of overtime hours worked. Based on the nature of the duties performed, it is Plaintiff's position that she was performing non-exempt work and therefore should have received overtime premiums for all hours worked over forty (40) per workweek for the entirety of the relevant period. It is Defendant's position that Plaintiff was paid correctly for all hours worked and was correctly classified as exempt.

10. After lengthy discussions between the Parties, the Parties agreed to settle Plaintiff's claim for the total amount of forty-two thousand and eighty-one dollars and sixteen cents ($42,081.16), which reflects payments for unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

11. Of the forty-two thousand and eighty-one dollars and sixteen cents ($42,081.16), twenty-five thousand six hundred and six dollars and sixteen cents ($25,606.16) was agreed by the Parties to cover Plaintiff's unpaid wages and liquidated damages.  The remaining sixteen thousand four hundred and seventy-five dollars ($16,475.00) was agreed by the Parties to cover attorneys' fees and costs.

12. Based on the information exchanged between the Parties, in conjunction with Plaintiff's demand, the Parties believe that the offer of settlement is fair, reasonable and provides complete relief to Plaintiff.

13. Complete relief renders a case moot, as recently recognized in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013).  *See also Simmons v. United Mortgage and Loan Investment, LLC*, 634 F. 3d 754 (4th Cir. 2011).

14. Plaintiff's Counsel's billing rates are in accordance with the local rules.  As of March 9, 2016, the date upon which Plaintiff made their final demand, the total number of hours Plaintiff's Counsel had spent preparing the case was approximately 61.32 hours.  49.27 hours are attributable to attorneys ([Benjamin L. Davis, III: $300.00/350.00 (rate) x 45.82 (hours)] + [George Swegman: $400.00 (rate) x 3.45 (hours)]).  The remaining 12.05 hours are attributable to time spent by Plaintiff's Counsel's paralegals [Benjamin Brooks/Nathan Price/Michael Brown/Francisca Bradley: $150.00 (rate) x 12.05 (hours)].  As such, with expenses and costs, which totaled four hundred and seventy-five dollars ($475.00), at the time of Plaintiff's final demand, total fees were approximately eighteen thousand two hundred and nineteen dollars and ten cents ($18,219.10). In consideration of the financial burden that the payment of total fees would place on Defendant, Plaintiff is willing to accept the sixteen thousand four hundred and seventy-five dollars ($16,475.00) that was offered in

fees. Therefore, the Parties' respective attorneys respectfully suggest that the Court should approve these fees.

15. The Fourth Circuit Court of Appeals has followed the guidelines for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982); *see, e.g., Lomascolo v. Parsons Brinckerhoff, Inc., et al.*, 2009 WL 3094955, at *8 (E.D. Va. Sept. 18, 2009); *Boone v. City of Suffolk, Va.,* 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).

16. An FLSA claim can be waived or settled in only two instances, *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee(s) present the proposed settlement to the trial court for approval.  29 U.S.C. 216(c); *Lynn's Food Stores*, 679 F.2d at 1354.  In this instance, the Parties seek this Court's approval of their Agreement. When reviewing a proposed settlement of an FLSA claim, the Court must "scrutinize the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1353, 1355.  Four factors should be examined to determine whether a proposed settlement is fair and reasonable: (i) was the settlement achieved in an adversarial context? (ii) was the [p]laintiff represented by attorneys who can protect her rights? (iii) does the settlement reflect a reasonable compromise over issues that are actually in dispute? (iv) is the settlement fair? *Id.* at 1354.

17. With regard to these factors, it is significant to note the following: (i) this matter was settled as a result of an adversarial proceeding (this lawsuit) and settlement negotiations which transpired between the Parties directly; (ii) the Parties settled this matter only after many hours of negotiation, information exchange and a review of governing precedent and

throughout this litigation, Plaintiff was represented by Counsel who adequately protected her rights; (iii) the settlement reflects reasonable compromises regarding bona fide disputes between the Parties regarding the questions of liability and the amount of alleged damages under the FLSA; and (iv) the Parties agree that the settlement is fair, just and adequate to settle Plaintiff's claims. The Parties' settlement agreement does not contain a confidentiality clause.

18. The Court should also take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).

19. The endorsement of the settlement by counsel for the parties is a "factor [that] weighs in favor of approval." *Quintanilla*, 2008 WL 9410399 at *5. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id*. at *5 (citing *San Antonio Hispanic Police Officers' Org., Inc.* v. *City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). In this case, Plaintiff's Counsel are fully aware of the factual contentions of their client and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

20. Consistent with the language in the Agreement, Plaintiff represents and agrees that the settlement payments reflect just, adequate and complete compensation for all claims of purported overtime giving rise to the Complaint and reflect compensation for all overtime

wages to which Plaintiff is entitled as a result of her former employment with Defendant, such that Plaintiff represents and agrees that she is not entitled to any additional compensation of any sort from Defendants related to the payment practices alleged in the Complaint.

WHEREFORE, for the forgoing reasons, the Parties respectfully request that this honorable Court enter the accompanying Order, thereby approving the terms of the Parties' Agreement, and dismissing this action with prejudice. Counsel for Plaintiff has authorized Defendant's Counsel to file this Joint Motion and Proposed Order.

Respectfully Submitted,

/s/ Benjamin L. Davis, III
Benjamin L. Davis, III, Esq. (29774)
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.:    (410) 244-8454

*Attorney for Plaintiff*

/s/ Susan K. Lessack
Susan K. Lessack
lessacks@pepperlaw.com
Kali T. Wellington-James
wellingk@pepperlaw.com
Pepper Hamilton, LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, Pennsylvania 19312
Phone No.: (610) 640-7806
Fax No.:    (276) 200-0813

Teresa D. Teare
teare@shawe.com
Shawe and Rosenthal, LLP
One South Street, Suite 1800
Baltimore, Maryland 21202
Phone No.: (410) 752-1040
Fax No.:    (410) 752-8861

*Attorneys for Defendant*